# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE DUNN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3516 |
| | § | |
| MIDLAND MORTGAGE, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff George Dunn's motion to remand.  Dkt. 11.  Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

On October 13, 2013, plaintiff George Dunn, filed his original petition in Texas state court seeking a temporary injunction against defendant Midland Mortgage and challenging the foreclosure proceedings initiated against his property in Madison County, Texas.  Dkt. 1, Ex. 2 at 3.  Defendant seeks to exercise its power of sale contained in a deed of trust lien executed by plaintiff's son and daughter-in-law, George Dunn, Jr. and Aretha Dunn, as part of a $95,613.43 loan for the construction of a mobile home ("Residential Construction Contract"), which was built on the plaintiff's property.  *Id.*, Ex. A-1 at 2.  After George Dunn, Jr. and Aretha Dunn defaulted on their loan payments and pursuant to the Residential Construction Contract, defendant posted a Notice of Trustee's Foreclosure Sale for November 5, 2013.  Dkt. 1, Ex. 2 at 4.  Plaintiff's original petition asserts that the real property in question, the subject of defendant's foreclosure proceeding, is owned solely by him, and that he never sold the property or agreed to the creation of a lien on the property

by his son. *Id.* at 4-5. On November 27, 2013, defendant removed the case to federal court, alleging that this court could exercise diversity jurisdiction over the state-law claim because plaintiff and defendant are citizens of different states and the amount in controversy satisfies the jurisdictional requirement of $75,000. Dkt. 1 at 1. Plaintiff disputes that the amount in controversy exceeds $75,000. Dkt. 11 at 2.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity of citizenship must exist between the parties. *Id.* at § 1332(a). The jurisdictional facts are judged as of the time the complaint is filed. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Additionally, the claims in the state court petition are considered as they existed at the time of removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The burden of proving federal jurisdiction rests on the removing party, and any doubts about whether removal is proper must be construed in favor of remand. *Id.*; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, the amount in controversy is determined by the amount sought on the face of the plaintiff's complaint. *St. Paul Reinsurance*, 134 F.3d at 1253. When the plaintiff does not specify the amount of damages in the complaint, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id*. The defendant may satisfy its burden of proof by (1) demonstrating that it is "apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) setting forth "summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). If the defendant satisfies its burden of

2

establishing the jurisdictional minimum, then the plaintiff must show as a matter of law that it is certain that his claim amounts to less than $75,000.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## III. ANALYSIS

As a threshold matter, neither party challenges the complete diversity of citizenship between plaintiff, a citizen of Texas, and defendant, a citizen of Oklahoma.  Rather, they disagree on the amount in controversy.  Since the plaintiff did not specifically plead the amount of damages in his complaint, the burden falls on the defendant to establish that the amount in controversy exceeds $75,000.  *Manguno*, 276 F.3d at 723.  Defendant asserts that the amount in controversy exceeds the jurisdictional minimum because the property is improved with a mobile home, valued at $95,613.43 in the Residential Construction Contract.[1]  Plaintiff argues that defendant's inclusion of the mobile home incorrectly overstates the amount in controversy because the subject of this lawsuit only concerns the tract of land, not the improvement and corresponding loan.  To rebut the defendant's valuation of the amount in controversy, plaintiff asserts that the value of the property is $3,030, as assessed by the Madison County Tax Appraisal District.  Plaintiff requests this court remand this cause back to state court for lack of jurisdiction because the case does not meet the $75,000 minimum amount in controversy for a diversity case.

Defendant disputes whether plaintiff may rely upon the appraisal records as evidence of the amount in controversy, and objects to such evidence as hearsay.  Dkt. 14 at 2.  Defendant asserts that the value of the property should be measured by the fair market value of the property as improved

---

[1] The defendant filed a third-party complaint impleading George Dunn, Jr. and Aretha Dunn regarding matters relating to the Residential Construction Contract. Dkt. 5. However, jurisdictional facts are judged as of the time the complaint is filed. *St. Paul Reinsurance*, 134 F.3d at 1253. Therefore, the third party complaint cannot serve to create federal jurisdiction in this case.

with the mobile home, not the appraised value of the property alone.  While the Fifth Circuit has not yet decided whether an appraisal district's valuation is competent evidence, district courts have routinely relied on such evidence to establish the amount in controversy.  *See, e.g., Hearn v. Deutsche Bank Nat'l. Trust Co.*, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as competent evidence to establish the amount in controversy); *Kew v. Bank of Am., N.A.*, 2012 WL 1414978, at *3 n. 4 (S.D. Tex. Apr. 23, 2012) (denying the plaintiff's motion to strike the Harris County Appraisal District's valuation as hearsay).

Although defendant objects to the Madison County Tax Appraisal District valuation as hearsay, it is an exception to the rule as "a public record under Rule 803(8) because it represents the findings of a governmental process to collect information about real property."  *Hearn*, 2013 WL 6079460, at *4; *Kew*, 2012 WL 1414978, at *3 n.4.  Further, there is no lack of trustworthiness because the appraisal document is easily accessible through the website established an maintained by the county.  *Hearn*, 2013 WL 6079460, at *4.  In addition, even if the document was excluded as hearsay, this court may take judicial notice of the property's appraised fair market value pursuant to Rule 201 because it can be readily obtained through the Madison County Tax Appraisal District's website.  *Id.* (stating that under Fed. R. Evid. 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Kew*, 2012 WL 1414978, at *3 n.4.

"When the plaintiff seeks equitable or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Kew*, 2012 WL 1414978, at *2 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434 (1977)).  In a foreclosure proceeding where the right to the property is called into question, "the value of the property controls the amount in controversy."  *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th

4

Cir. 1961); *see also Barron v. Bank of Am.*, 2013 WL 944434, at *2 (N.D. Tex. Feb. 12, 2013). "[T]he value of the right to be protected or the extent of the injury to be prevented" must be judged from the plaintiff's viewpoint. *St. Paul Reinsurance*, 134 F.3d at 1252-53. Plaintiff does not contest that the land as improved with the mobile home has a value that exceeds $75,000, but argues that the only amount in dispute relates to the land, not the improvement or the Residential Construction Contract, to which plaintiff was not a party. The court must look to the object of the litigation as stated in the plaintiff's original petition to determine the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253. In plaintiff's original petition, he seeks to enjoin defendant from selling his property, which he describes as a "0.1587 acre tract of land in Madison County, Texas" owned solely by him. Dkt. 1, Ex. 2 at 4.

The court agrees that the amount in controversy, as originally plead by the plaintiff, involves only the .1587 acre tract without the improvement and corresponding loan, and that the amount in controversy falls below the $75,000 jurisdictional minimum, as valued by the Madison County Tax Appraisal District. *See Kew*, 2012 WL 1414978, at *3 n.4; *see also Govea v. JPMorgan Chase Bank, N.A.*, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010) (holding that the object of the request for injunctive relief was the property, "and that the value of the extent of the injury to be prevented [was] the amount of their loss" if the property was foreclosed upon, as measured by the Harris County Appraisal District); *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2-3 (S.D. Tex. Aug. 27, 2009) (noting that fair market value of the property is determined by the value of the injunctive relief sought). While defendant relies on the Residential Construction Contract as its basis for satisfying the requisite amount in controversy, plaintiff was not a party to that contract. Thus, regardless of whether defendant can foreclose on the mobile home and the tract of land, the object of plaintiff's request for injunctive relief, as stated in his original petition, is the land itself.

5

## IV.  CONCLUSION

Because defendant has not demonstrated the amount in controversy meets the minimum requirements sufficient to support the exercise of diversity jurisdiction, plaintiff George Dunn's motion to remand (Dkt. 11) is GRANTED. This case is therefore REMANDED to the 12th Judicial District Court of Madison County, Texas for further proceedings.

It is so ORDERED.

Signed at Houston, Texas on February 20, 2014.

Gray H. Miller
United States District Judge